

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

OCT 31 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

|  |  |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) FOR RECORDS AND INFORMATION RELATED TO THE IP ADDRESS 68.108.76.123 | MISC. NO. 1:18mc8<br><br>**Filed Under Seal** |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Cox Communications, an Internet service provider, located in Atlanta, Georgia, to disclose certain records and other information pertaining to the IP address 68.108.76.123, as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. Cox Communications is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Cox Communications to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States (specifically, the United States Marshals Service) is investigating KEVIN THOMAS SEIGLER who has violated 18 U.S.C. § 3146 and is actively evading law enforcement.

5. The following information was provided to me by Deputy United States Marshal Jim Satterwhite:

   a. On November 08, 2016, a federal arrest warrant was issued for KEVIN SEIGLER, in the Western District of Virginia, Charging him with Conspiracy to Distribute Methamphetamine and Oxycodone. Subsequently, he was arrested for this offense on November 17, 2016, and placed on pre-trial supervision, allowing him to return home to Las Vegas, Nevada and prepare for his pending trial.

   b. On May 01, 2017, SEIGLER failed to appear for his first day of trial therefore a second arrest warrant was issued for a violation 18 U.S.C. § 3146. The United States Marshals Service adopted this case for apprehension purposes. Further, on

2

September 08, 2017, a third arrest warrant was issued for our target, charging him with violations of pre-trial supervision. Finally, on October 24, 2017, a grand jury of the Western District of Virginia, Abingdon Division, returned an indictment charging SEIGLER with violations of 18 U.S.C. § 3146, and an arrest was issued. The United States Marshals Service has continued to search for SEIGLER since May 01, 2017, but to date he's still considered a federal fugitive.

c. During the course of this investigation, it was discovered that SEIGLER was utilizing the Apple ID quiksta70282@icloud.com, for which a subsequent federal search warrant was granted in the Western District of Virginia on October 03, 2017. On October 29, 2017, information received from that search warrant revealed that SEIGLER reset his Facebook password on October 01, 2017 at 9:27pm (PDT), utilizing the IP address 68.108.76.123. This IP address is provided service by Cox Communications.

## REQUEST FOR ORDER

3. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual who is allegedly using Cox Communication, and who is a fugitive actively evading law enforcement. Accordingly, the United States requests that Cox Communications be directed to produce all items described in Part II of Attachment A to the proposed Order.

4. The United States further requests that the Order require Cox Communications not to notify any person, including the subscribers or customers of the account(s) listed in Part I

of Attachment A, of the existence of the Order until further order of the Court. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

5. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

6. The United States requests that the Clerk of the Court provide the United States Attorney's Office with three certified copies of this application and Order.

Respectfully submitted,

RICK A. MONTCASTLE
Acting United States Attorney

4

By: _____
Zachary T. Lee
VSB NO: 47087
Assistant United States Attorney
United States Attorney's Office
180 W. Main Street, Suite B-19
Abingdon, Virginia 24210
(276) 628-4161
(276) 628-7399 (Fax)
USAVAW.EDFAbingdon@usdoj.gov

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Cox Communications shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscribers of the account(s) listed in Attachment A, or to any other person, unless and until otherwise authorized to do so by the Court, except that Cox Communications may disclose this Order to an attorney for Cox Communications for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

10/31/17
Date

*(signature)*
Honorable Pamela Meade Sargent
United States Magistrate Judge